UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES BARKSDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3074 |
| | ) | |
| LISA BROWN and | ) | |
| DANIELLE LOWE, | ) | |
| Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claim that Defendants intentionally injected him with the shingles virus to make him ill and to retaliate against him for his grievances and letters.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).  Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if

1

part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d

541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that Defendant Nurse Brown gave him a shot ordered by a doctor which caused Plaintiff to become infected with shingles. He alleges that he suffered an infection on the right side of his body exhibited by sores, swelling, irritation, and bleeding. Plaintiff believes this was done intentionally to infect him and in retaliation for his prior grievances and letters complaining about the poor medical care offered to residents and accusing Defendants of altering his medication.

## ANALYSIS

Nurse Brown cannot be held liable under the Constitution for following the doctor's orders to give Plaintiff a shot. The nurse had no authority to override the doctor's orders. No plausible inference of personal responsibility arises against Defendant Lowe either, who is the health care administrator. Like Nurse Brown, Lowe did not order the shot. In any event, Lowe cannot be held liable for the actions of Nurse Brown solely because Lowe is an administrator. *See* Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

Based on Plaintiff's own allegations, only the doctor who ordered the shot

3

might be personally responsible, if the doctor knowingly disregarded a substantial risk of serious harm to Plaintiff by ordering the shot, or directed the shot in retaliation for Plaintiff's complaints.  However, the doctor is not named as a defendant.  Accordingly, Plaintiff's petition to proceed in forma pauperis will be denied.  Plaintiff will be given an opportunity to file an amended complaint.

IT IS THEREFORE ORDERED:

1) The hearing scheduled for April 30, 2012, is cancelled.  The clerk is directed to vacate the writ and to notify Plaintiff's detention facility of the cancellation.

2)  Pursuant to its review of the Complaint, the Court finds that Plaintiff fails to state a claim against the named Defendants.  Accordingly, Plaintiff's petition to proceed in forma pauperis is denied (d/e 2).

3) By May 15, 2012 Plaintiff may file an amended complaint in accordance with this opinion.  If Plaintiff does not file an amended complaint, this case will be dismissed without prejudice.

4)  Plaintiff's motion for the appointment of counsel is denied as premature (d/e 3).  The Court cannot consider the merits of the motion until Plaintiff shows that he has made reasonable efforts to find counsel on his own.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).  Typically, a plaintiff makes this showing by

writing to several different law firms and attaching the responses to the motion for appointment of counsel. Plaintiff may renew his motion for the appointment of counsel upon demonstrating that he has tried to find counsel on his own.

ENTERED: April 24, 2012

FOR THE COURT:

                                            **s/Sue E. Myerscough**
                                            SUE E. MYERSCOUGH
                                            UNITED STATES DISTRICT JUDGE