UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES BARKSDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3074 |
| | ) | |
| DR. LOCHARD, | ) | |
| NURSE LISA BROWN, and | ) | |
| Health Care Administrator | ) | |
| DANIELLE LOWE, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, has submitted an amended complaint as directed by the Court.  He alleges that Defendant Nurse Brown gave him a shot ordered by a doctor which caused Plaintiff to become infected with shingles.  He alleges that he suffered sores, swelling, irritation, bleeding, and was quarantined for ten days.  He further alleges that Defendants have refused to send him for surgery to fix a longstanding sinus infection for which surgery has been recommended by an outside specialist.

Discerning a plausible inference of personal responsibility against Nurse

1

Brown and the health care administrator is difficult. As discussed in the Court's prior order, Nurse Brown cannot be held liable for following the doctor's orders to give Plaintiff a shot. Similarly, whether surgery is necessary is typically a decision made by the doctor, not by the health care administrator or the nurse. Additionally, an unintended, unexpected allergic reaction from a shot would not alone give rise to a constitutional claim.[1] However, the Court will wait for a more developed factual record to make these determinations.

In his Amended Complaint, Plaintiff asks for reconsideration of his motion for counsel, attaching letters he sent to attorneys seeking representation. The question when considering a motion for counsel in a civil case is, "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing* Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). The Seventh Circuit stated in Pruitt:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'"

Pruitt, 503 F.3d at 655 (quoted and other cites omitted). A plaintiff's "literacy,

---

[1] According to Plaintiff, the shot contained the medicine "Toradol." According to the website for the U.S. National Library of Medicine, Toradol is "used to relieve moderately severe pain, usually after surgery." www.ncbi.nlm.nih.gov.

communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." Id. at 655.  "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" Santiago v. Walls, 599 F.3d 749, 762 (7th Cir. 2010), *quoting* Pruitt, 503 F.3d at 656.   The Court cannot require an attorney to accept pro bono appointment on a civil case such as this.  Pruitt, 503 F.3d at 653 (in forma pauperis statute "'does not authorize the federal courts to make coercive appointments of counsel.'")(quoted cite omitted).

   Plaintiff does not say what his education level is, but he does have some modest experience litigating in federal court, though not past the merit review stage.  *See* Barksdale v. Walker, 07-3059 (C.D. Ill., Judge Baker)(dismissed for failure to state a claim); Barksdale v. Magnes, 95-6938 (N.D. Ill., Judge Leinenweber)(dismissed for failure to state a claim).  Plaintiff's original complaint and amended complaint, along with the attachments thereto, are relatively well written, effectively convey the factual basis for Plaintiff's claims, and demonstrate some knowledge of the applicable law.  Through simple discovery requests

Plaintiff should be able to obtain his medical records to corroborate his medical problems. He should also be able to testify personally to the pain he has experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. See Ledford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Accordingly, the Court concludes based on the current record that Plaintiff appears competent to proceed pro se.

IT IS THEREFORE ORDERED:

1) Plaintiff's request for the Court to attempt to find pro bono counsel to represent him is denied.

2) Pursuant to a review of the Amended Complaint, the Court finds that Plaintiff states arguable constitutional claims arising from the administration of the shot and from the alleged failure to treat Plaintiff's sinus condition. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) The Clerk is directed to attempt service of the Complaint and this order on each Defendant pursuant to this District's internal procedures for Rushville cases.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to

effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk that Defendant's current work address, or, if not known, that Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which said copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies

of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 29, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough.  Defense counsel shall appear in person.  Plaintiff shall appear by video conference.  The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11)  Plaintiff shall immediately notify the court of any change in their mailing addresses and telephone numbers.  Failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: SEPTEMBER 17, 2012

FOR THE COURT:

                                                **s/Sue E. Myerscough**
                                              SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE