IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES BARKSDALE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 12-CV-3074 |
| LISA BROWN, DANIELLE LOWE, and DR. HUGHES LOCHARD | ) ) ) ) ) |
| Defendants. | ) |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se, is detained in the Rushville Treatment and Detention Center. He alleges that Nurse Brown intentionally infected him with shingles by giving Plaintiff a shot containing the shingles virus. Plaintiff also alleges that Dr. Lochard was deliberately indifferent to Plaintiff's need for treatment for sinusitis.

Before the Court is Defendants' motion for summary judgment. "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues

of material fact to avoid summary judgment." McAllister v. Price, 615 F.3d 877, 881 (7th Cir. 2010). At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. Id. After reviewing the parties' submissions, the Court concludes that summary judgment must be granted to Defendants.

    Plaintiff believes that he was injected with the shingles virus because he developed shingles a few days after receiving a shot. Plaintiff did receive a shot, but the shot contained Toradol, a non-steroidal anti-inflammatory. The shot was to treat Plaintiff's chest wall pain, which Dr. Lochard had diagnosed as being caused by an irritation in the lining of Plaintiff's left lung. (Dr. Lochard Aff. ¶ 1.) The Court realizes that Plaintiff came down with shingles a few days after the shot, but that timing is not evidence that the shot caused shingles. Plaintiff has no evidence to dispute Dr. Lochard's averment that "it is not possible to get shingles from a shot." (Dr. Lochard 6/17/13 Aff. ¶ 3.) Shingles is caused by a dormant

chicken pox virus.  Id.  Plaintiff avers that he has never had chicken pox, but he has no evidence to dispute Dr. Lochard's averment that Plaintiff may not remember having had chicken pox or that Plaintiff may have been asymptomatic when he had acquired the chicken pox virus.  (Dr. Lochard 6/17/13 Aff. ¶¶ 3-4.)  In any event, no rational juror could find that the shot caused Plaintiff's shingles.

Nor could a juror find for Plaintiff on his claim that Dr. Lochard was deliberately indifferent to Plaintiff's need for treatment for Plaintiff's sinus difficulties.  Plaintiff stated in his deposition that his claim against Dr. Lochard regards the time period after May 15, 2012, in particular, Dr. Lochard's failure to recommend Plaintiff for sinus surgery, which is consistent with the claims in Plaintiff's Amended Complaint.  (Pl.'s Aff. pp. 38; 45-48; Pl.'s Amended Complaint p. 5, d/e 8.)[1]

Plaintiff has no evidence that surgery is recommended for his sinus problems.  The ear, nose, and throat doctor to whom Plaintiff was referred has not recommended surgery, and Plaintiff's condition improved through conservative treatment.

---

[1] Q.  So, prior to seeing Dr. Finch, do you have any problem with the treatment provided by Dr. Lochard up to that point for your sinuses?
   A.  No, no, no problem. No problem.  (Plaintiff's Dep. p. 38.)

Plaintiff now says that his claim is based not on his need for surgery but on Dr. Lochard's alleged delay in sending Plaintiff to an ear, nose, and throat doctor.  Plaintiff cannot now change his testimony or the nature of his claim in order to avoid summary judgment.  Harmon v. Gordon, 712 F.3d 1044, 1051-52 (7th Cir. 2013)("'the law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony.'")(quoted cite omitted); Anderson v. Donahoe, 699 F.3d 989, 997 (7th Cir. 2012)("[A] plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.'")(quoted cite omitted).

In any event, no rational juror could conclude that Dr. Lochard was deliberately indifferent to Plaintiff's sinus condition. Plaintiff has recurrent, chronic problems with his sinuses, which tend to worsen in the fall and winter.  (Pl.'s Dep. pp. 30-31.) Plaintiff had sinus surgery in the 1970s, and, according to Plaintiff, has had sinus troubles ever since.  (Dr. Finch's 5/23/12 report.)

An x-ray from November 2011 showed that Plaintiff had opacification of the right maxillary sinus.  A CT scan done in

January 2012 also showed "opacification of the right maxillary sinus with some ethmoid thickening." (Dr. Finch's 5/5/12 report, d/e 22-2, p. 2.)

From late 2011 to early 2012, Dr. Lochard prescribed erythromycin for Plaintiff's chronic sinus problems, which had helped in the past. (Pl.'s Dep. p. 37.) Plaintiff also had access to over-the-counter pain medicine during this time. When the erythromycin did not clear up the sinus problem, Dr. Lochard sent Plaintiff to Dr. Finch, an ear nose and throat specialist. Dr. Finch prescribed prednisone, antibiotics, nasal irrigation, and a subsequent CT scan. (Dr. Lochard's 6/17/13 Aff. ¶ 21; Dr. Lochard's 10/31/12 Aff. ¶ 4; Dr. Finch's report, d/e 22-2 p. 2.) Plaintiff had a subsequent CT scan in October 2012, which showed that Plaintiff's condition had improved, showing "no acute or aggressive atypical sinus processes" and "interval resolution of right-sided maxillary ethmoid sinusitis." (10/30/12 CT report, d/e 37-3, p. 3; Dr. Lochard's 6/17/13 Aff. ¶ 26.)

Dr. Lochard took Plaintiff's complaints seriously, prescribing erythromycin and sending Plaintiff for an x-ray, CT scans, and to see an ear, nose and throat specialist. He followed Dr. Finch's

recommendations, and Plaintiff's condition improved.  Plaintiff has no evidence that Dr. Lochard's approach was outside the ordinary standard of care, much less deliberately indifferent. <u>Sain v. Wood</u>, 512 F.3d 886, 894-95 (7th Cir. 2009)("A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances.")

IT IS THEREFORE ORDERED:

1. Defendants' motion for summary judgment is granted (d/e 36).  The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.  All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.  All deadlines and settings on the Court's calendar are vacated.

2.  If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal.  See Fed. R. App. P. 24(a)(1)(c).

ENTER:

FOR THE COURT: March 4, 2014

<u>s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
